IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

MARCUS JACKSON,                          )
                                         )
                Plaintiff,               )
                                         )
        v.                               )          CV 624-038
                                         )
JACOB BEASLEY, Warden, and SGT.          )
WILSON,                                  )
                                         )
                Defendants.              )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, incarcerated at Smith State Prison in Glennville, Georgia, has submitted to the Court for filing an amended complaint brought pursuant to 42 U.S.C. § 1983.  He is proceeding *pro se* and *in forma pauperis* ("IFP").  Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I.      SCREENING THE AMENDED COMPLAINT

### A.      BACKGROUND

Plaintiff names Warden Jacob Beasley and Sergeant Wilson as Defendants.  (Doc. no. 6, p. 4.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On October 2, 2023, Defendant Wilson was facilitating showers in Plaintiff's dormitory.  (Id. at 5.)  While in his cell, Plaintiff observed individuals on both sides of the

door trying to gain access to Plaintiff's cell.  (Id.)  Plaintiff asked Defendant Wilson for help, but Defendant Wilson did not look in Plaintiff's direction and continued walking away from Plaintiff's cell.  (Id.)  Plaintiff banged on the door to his cell to attempt to get Defendant Wilson's attention to no avail.  (Id.)  Plaintiff then looked toward the showers, where he saw an individual with a key getting out of the showers.  (Id.)  Plaintiff heard someone say, "pop the door, Warden is well aware what's going on."  (Id.)  Plaintiff does not allege any individual was able to gain access to his cell at this time.  (See id.)

At two undisclosed points in time, Defendant Warden Beasley came to Plaintiff's cell and did not "slide the bolt/secure [Plaintiff's] door" upon leaving Plaintiff's cell.  (Id.)

Plaintiff alleges Defendants were deliberately indifferent to his safety and requests monetary relief.  (Id. at 5-6.)

## B.    DISCUSSION

### 1.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.    Plaintiff Fails to State a Valid Failure to Protect Claim

A prison official may violate an inmate's Eight Amendment right by acting with 'deliberate indifference' to a substantial risk of serious harm or disregarding a such a risk. Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). When officials become

aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte, 654 F.2d at 1012. "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a section 1983 cause of action against prison officials for cruel and unusual punishment. Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34). To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted). These three elements are evaluated in part by an objective standard and in part by a subjective standard. See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014).

As the Eleventh Circuit explained,

When examining the first element—a substantial risk of serious harm—the court uses an objective standard. The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm. To satisfy the objective component,

> a plaintiff must produce evidence that the defendant disregard[ed] that known
> risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

Mere negligent failure to protect an inmate from an attack does not justify § 1983 liability.  Brown, 894 F.2d at 1537.  Stated otherwise, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk.  Farmer, 511 U.S. at 835-39; see also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (requiring a plaintiff to show "more than mere negligence," and stating that courts are to look for "obduracy and wantonness, not inadvertence or error in good faith.").

Plaintiff has not alleged either Defendant consciously disregarded a specific, personal, serious, and imminent risk.  He has suffered no injuries and has identified no specific threat from which a Defendant has failed to protect him.  See Marbury, 936 F.3d at 1233 (explaining Eighth Amendment violation requires deliberate indifference "to substantial risk of serious harm to an inmate who suffers injury").  As to Defendant Beasley, Plaintiff alleges he did not secure Plaintiff's cell door on two occasions but fails to allege any facts to suggest Defendant Beasley acted wantonly or that the failure to secure Plaintiff's cell door ever materialized into a serious risk or Plaintiff sustained injuries as a result.

As to Defendant Wilson, Plaintiff alleges he attempted to seek assistance from Defendant Wilson while individuals were trying to access Plaintiff's cell, but Defendant Wilson did not acknowledge Plaintiff's attempt.  Plaintiff alleges no facts to suggest Defendant Wilson was aware Plaintiff requested assistance, nor does he allege the individuals attempting to access his cell were successful in gaining access or causing any injury to Plaintiff.  In sum, Plaintiff merely alleges Defendants ignored possible threats to his

safety which never materialized into an injury, but such concerns do not violate the Eighth Amendment.  His amended complaint therefore fails to state a failure to protect claim against any Defendant.

**II.     CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of October, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA